[Cite as *State v. Doran*, 2023-Ohio-3590.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIAM D. DORAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 CO 0046

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 00551

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Tammie Riley Jones*, Assistant Prosecutor, Columbiana County Prosecutor's Office, 135 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. James E. Lanzo*, 4126 Youngstown-Poland Road, Youngstown, Ohio 44514, for Defendant-Appellant

Dated: September 28, 2023

---

**WAITE, J.**

{¶1} Appellant William D. Doran appeals an October 7, 2022 Columbiana County Court of Common Pleas sentencing entry. Appellant contests only his sentence, arguing the trial court abused its discretion. For the reasons that follow, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Due to a plea agreement, there are few facts in the record. However, the record does reveal that Appellant responded to an advertisement on a website seeking sexual activity involving, he believed, a fifteen-year-old girl. Appellant inquired about the cost and was told the "girl" charged $150 for "full services." He responded that he was interested, and was told to arrive at a specific address on a specific date with the money, a bag of Doritos, and a Pepsi. Appellant "asked the girl if she was legit, as he didn't want to end up on 'to catch a predator.' " (PSI). Appellant arrived at the assignation to find that he had actually been communicating with a police officer. At the time, he had $150, a bag of Doritos, and a Pepsi on his person.

{¶3} On December 15, 2021, Appellant was indicted on one count of importuning, a felony of the fifth degree in violation of R.C. 2907.07(D)(2); one count of compelling prostitution, a felony of the third degree in violation of R.C. 2907.21(A)(2),(B); one count of possessing criminal tools, a felony of the fifth degree in violation of R.C. 2923.23; and one count of attempting illegal assembly, a felony of the fourth degree in violation of R.C. 2923.02(A).

{¶4} On June 24, 2022, the parties entered into a plea agreement. Appellant agreed to plead guilty to importuning (as charged), attempted compelling of prostitution

(amended to a lesser charge), and attempted unlawful sexual conduct with a minor (amended charge).  The remaining charges were dismissed.

{¶5}  On October 7, 2022, the trial court sentenced Appellant to nine months of incarceration for importuning, nine months for attempted compelling of prostitution, and nine months for attempted unlawful contact with a minor.  The court ordered the sentences to run concurrently and credited Appellant for three days of time served.  It is from this entry that Appellant timely appeals.

## ASSIGNMENT OF ERROR

The sentencing Court abused its discretion by failing to be guided by the overriding purposes of felony sentencing and by failing to properly consider the factors listed in 2929.12 and by imposing upon the within defendant to a prison sentence.

{¶6}  Appellant bases his arguments on a case abrogated by the Ohio Supreme Court several years ago, *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.  Because Appellant relies on invalid caselaw, his arguments entirely revolve around law that no longer applies.  In addition, Appellant contests the manner in which the court weighed the R.C. 2929.12 factors, but does not mention relevant law.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.

{¶7}  The state notes Appellant's reliance on no longer good law and argues that, using the correct standard, the court made the appropriate findings, which are supported by the record.

**{¶8}** "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶9}** "A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence findings." *State v. Pendland*, 7th Dist. Mahoning No. 19 MA 0088, 2021-Ohio-1313, ¶ 41; citing *State v. Collins*, 7th Dist. Noble No. 15 NO 0429, 2017-Ohio-1264, ¶ 9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

**{¶10}** Further, as noted by the state, a court of appeals is limited in its review of a felony sentence. The Ohio Supreme Court has clarified an appellate court's review of felony sentences in *Jones, supra*. The *Jones* Court modified the standard of review for felony sentences that was previously announced in *Marcum*. The *Marcum* Court held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, *supra*, at ¶ 22. *Jones* did not directly overrule *Marcum*, but clarified certain dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the

evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, *supra*, at ¶ 42.

**{¶11}** The sentences imposed by the court, here, falls within the statutory range.

**{¶12}** Pursuant to *Jones,* we may not independently weigh the R.C. 2929.12 factors. However, it is apparent from the court's statements that it did make the appropriate findings, which are supported by the record.

**{¶13}** While Appellant claims he expressed genuine remorse, it was apparent the court did not believe he was genuine. He stated: "I would just like to apologize to the Court. I feel horrible. It's the worst mistake I have ever made in my life. And it's not a victimless crime. I just hope it doesn't ruin my life." (Sentencing Hrg. Tr., p. 7.)

**{¶14}** The court responded by noting that Appellant's two daughters are older than the girl he thought he engaged for sexual favors, here. The court discredited Appellant's downplaying of his criminal record by reminding him that he admitted he smoked marijuana every day. In addition, the record reveals that Appellant has used cocaine, LSD, Percocet, and Vicodin in the past. He also faced three drug related charges in Michigan in 2019, and two drug related charges in Pennsylvania in 2018 and 2019.

**{¶15}** The court specifically addressed Appellant's claim that he did not intend to follow through with his plan by first pointing out that he arrived as scheduled with the correct money, Doritos, and a Pepsi. The court stated:

And it's also troubling when I read the report that part of your interaction is, I hope this isn't To Catch a Predator type thing. So you are very aware of what is going on. You are very aware of the risk you are taking in

participating in that conduct, so much so that you literally indicate that you hope it's not that type of situation; okay? So you are very aware. You know what the consequences are and yet you do it anyway.

(Sentencing Hrg. Tr., p. 8.)

{¶16} The record shows the trial court conducted the appropriate analysis, the sentence is within the statutory range, and there is no evidence that the sentence is contrary to law. As such, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

{¶17} Appellant contests only his sentence, arguing that it amounts to an abuse of discretion. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**